IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GRUPO HGM TECNOLOGIAS,           )
SUBMARINAS, S.A.,                )
                                 )
        Plaintiff,               )
                                 )
v.                               )    CIVIL ACTION NO.  1:18-cv-430-TFM-N
                                 )
ENERGY SUBSEA, LLC, *et al.*,    )
                                 )
        Defendants.              )

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the *Renewed Application for Default Judgment Pursuant to Federal Rule of Civil Procedure 55* (Doc. 28, filed 8/14/19).  For the reasons stated below, the motion is **DENIED** and the prior entry of default is set aside.

## I.    BACKGROUND

After the entry of default on November 14, 2018, Plaintiff filed its first motion for default judgment (Doc. 15, filed 2/11/19).  On July 19, 2019, the Magistrate Judge entered the first Report and Recommendation in this case which recommended denial without prejudice of the motion for default judgment.  Though Plaintiff objected, those objections were overruled and the recommendation adopted as the opinion of the Court.  *See* Docs. 21, 24.  In response, Plaintiff filed its second motion for default judgment.  *See* Doc. 28.  After review of the motion, the Magistrate Judge ordered Plaintiff to file a corrected Declaration in support of its motion for default judgment.  *See* Doc. 29.  Plaintiff filed the corrected declaration on October 21, 2019.  Shortly thereafter, the Magistrate Judge entered the Report and Recommendation on the current motion for default judgment.  *See* Doc. 32. The recommendation of the Magistrate Judge was to grant the motion for default judgment as to Count 1 for the breach of contract against Energy

Subsea in the amount of $1,727,000 and deny the motion for default judgment as to the remaining requests. *Id*. Therefore, it would not dispose of all claims nor all defendants.

On November 12, 2019, counsel appeared on behalf of the Defendants and timely objected to the recommendation. *See* Doc. 34. In the objections, Defendants assert that Energy Subsea LLC is a Florida corporation and the Ingvartsen was never personally served with the summons and complaint. He also states that he received word from a third party regarding the application of the default judgment and filed the *pro se* letter the Court received on February 22, 2019. He denies intentionally ignoring the Court or its orders. Defendants further dispute the authenticity of the signature on the service documents and the factual allegations and determinations.

On November 26, 2019, Plaintiff responded to the Defendants' objections. *See* Doc. 37. They noted that the Court previously found service to be proper on the Defendants and state the objections lack substantiation and corroboration on the signatures not belonging to Defendant Ingvartsen. They contest the objections by arguing the Court has already found that there is personal jurisdiction, that the Defendants merely ignored this lawsuit, and inappropriately seek to dispute well-pled facts.

After a review of the status, the Magistrate Judge *sua sponte* withdrew the report and recommendation based on the appearance of counsel on behalf of the Defendants and upon consideration of their objections. *See* Doc. 38. The Court then vacated the general referral order and now considers the motion for default judgment and the status of this case. *See* Doc. 39.

## II.    DISCUSSION AND ANALYSIS

The decision to vacate a default is committed to the sound discretion of the Court and the Court may set aside an entry of default for good cause. FED. R. CIV. P. 55(c). "Good cause is a

mutable standard, varying from situation to situation.  It is also a liberal one – but not so elastic as to be devoid of substance." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (citation omitted).  It is also "not susceptible to a precise formula." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1337 n. 7 (11th Cir. 2014).  Some examples of court considerations are whether the default was culpable or willful, whether setting it aside would prejudice the non-moving party, and whether the defaulting party may have a meritorious defense.  Courts have also considered factors such as "whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Id*. (quoting *Compania Interamericana*).  "On the other hand, where a party demonstrates an intentional or willful disregard of the judicial proceedings, good cause to set aside the default does not exist." *Id*.

Finally, as a general proposition, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1244-45 (11th Cir. 2015) ("Because of our strong policy of determining cases on their merits, ... default judgments are generally disfavored.") (citation and internal quotation marks omitted).

At the outset, though the Report and Recommendation was withdrawn, the Court notes that the detailed analysis ultimately concluded that default judgment would have only been granted in part.  Even Plaintiff did not object to that finding.  As such, it would not have even fully resolved the claims.  Ultimately, after independently reviewing the motion for default judgment, the Court finds that there are still significant issues to resolve and a partial grant still

would leave this Court with resolving a number of other issues. Given that Defendants contest – albeit weakly – this Court's jurisdiction, the Court finds it prudent to ensure that there are no lingering jurisdictional issues. Though the Court did make its previous findings on subject matter and personal jurisdiction, the allegations on proper raised by Defendants merit further scrutiny – though the Court cautions that any unsupported allegations will not be viewed favorably and any further challenge to this Court's jurisdiction must be properly supported.

Next, there would be a significant financial loss to Energy Subsea LLC and Ingvartsen if the Court did not set aside the default and instead entered default judgment. The prejudice there would be significant. Further, though Plaintiff argues about their own prejudice, the Court finds that the timeline is not as clear as they would suggest. It took several attempts to get a motion for default judgment that was properly supported and even then, the Magistrate Judge only recommended a partial grant. *See* Docs. 15, 20, 24, 28, 29, 30, 31. As such, the prejudice to them is significantly less than the prejudice to the Defendants. After further review, the Magistrate Judge elected to withdraw her recommendation since the Defendants had now appeared.

Though the Court cannot conclude that Defendants acted promptly in their appearance in this case, there is insufficient evidence at this time to conclude that it was culpable, willful, and intentional. Given the gravity of the Plaintiff's claims, the significant amount of money involved, and the fact that even though over a year has passed, much of that time has been spent with multiple attempts to obtain default judgment. Even if it had not been withdrawn, the Report and Recommendation only partially resolved the case which Plaintiff seemingly accepted given that it did not timely object. Overall, considering these factors, the general presumption of

resolving cases on the merits, and disfavor with which default judgments are viewed, the Court finds good cause to set aside default under Fed. R. Civ. P. 55(c) and to deny default judgment.

### III.  CONCLUSION

Based on the above, the Motion for Default Judgment (Doc. 28) is **DENIED** and the entry of default is set aside.

Defendants shall file their answers or other responsive pleading **within fourteen (14) days** of this order.

**DONE** and **ORDERED** this 7th day of February, 2020.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE