**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **GRUPO HGM TECNOLOGIAS SUBMARINA, S.A.,** | ) ) ) |
| **Plaintiff,** | ) ) |
| **v.** | ) **CIVIL ACTION NO. 1:18-00430-JB-N** |
| | ) |
| **ENERGY SUBSEA, LLC, et al.,** | ) ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on Defendants ENERGY SUBSEA, LLC ("Energy Subsea") and ODDGEIR INGVARTSEN's ("Ingvartsen") Motion for New Trial or in the Alternative Motion to Alter, Amend or Vacate the Judgment (Doc. 86), Plaintiff GRUPO HGM TECNOLOGIAS SUBMARINAS, S.A.'s ("Grupo") Memorandum in Opposition (Doc. 88), and Defendants' Amended Motion for New Trial or in the Alternative Motion to Alter, Amend or Vacate the Judgment and Response.[1] (Doc. 90).   This matter is ripe for review.

**I.    Defendants' Motion**

Defendants seek a new trial or an order altering, amending or vacating the judgment in this case for three reasons.  First, Defendants contend insufficient evidence was adduced at trial supporting the Court's decision to pierce the corporate veil and find Defendant Ingvartsen personally liable.  Second, Defendants contend the damages awarded to Grupo were excessive.

---

[1] Defendants' "Amended Motion" (Doc. 90) is construed by the Court as a reply brief because defendants filed it on the date set by the Court for filing a reply brief and Defendants have not complied with the provisions of Local Rule 15(b) pertaining to "amended" motions.

Finally, Defendants argue defense counsel's remote participation in the trial made the trial unfair. Defendants' Motions are due to be DENIED.

The District Court has discretion to grant post-judgment relief.  *Willard v. Fairfield S. Co., Inc.*, 472 F.3d 817, 821 (11th Cir. 2006).  Although Defendants address their legal arguments to Rule 59(a), the alternative relief sought (alter, amend or vacate) is the province of Rule 59(e). The Court will address each in turn.

A.      New Trial.

Following a non-jury trial, a motion for new trial pursuant to Rule 59 should be granted "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court."  Fed. R. Civ. P. 59(a)(1)(B).  Also, "after a non-jury trial, the Court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment."  Fed. R. Civ. P. 59(a)(2).  "Granting motions for new trial touches on the trial court's traditional equity power to prevent injustice and the trial judge's duty to guard the integrity and fairness of the proceedings before him."  *Sherrod v. Palm Beach County School Dist.*, 237 F. App'x. 423, 424-425 (11th Cir. 2007).  Courts have recognized three grounds for granting a new trial following a bench trial: "(1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence." *Brown v. Wright*, 588 F.2d 708, 710 (9th Cir. 1978) (citation omitted); *see also Radiofone, Inc. v. Pricellular Corp.*, 1993 WL 192202, *4 (E.D. La. May 28, 1993) ("Federal Rule of Civil Procedure 59(a) provides that 'a new trial may be granted to all or any of the parties and on all or part of the issues ... in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States.'  Those reasons are

2

limited to: (1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence.").

"Manifest error does not mean that one does not like the outcome of a case, or that one believes the court did not properly weigh the evidence. . .. Rather, manifest error is an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Daughtry v. Army Fleet Support, LLC*, 2014 WL 466100, *2 (M.D. Ala. Feb. 5, 2014) (internal quotation marks and citations omitted); *see also Thomas v. Dolgencorp, LLC*, 2015 WL 4528232, *2 (M.D. Ala. Jul. 27, 2015) (same), *aff'd*, 645 F. App'x. 948 (11th Cir. Mar. 15, 2016).  Stated somewhat differently, what is ordinarily required is "a showing 'of "clear and obvious error" where the "interests of justice" demand correction.'" *McGuire v. Ryland Group, Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007), quoting *Prudential Securities, Inc. v. Emerson*, 919 F. Supp. 415, 417 (M.D. Fla. 1996), in turn quoting *American Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985).  "An error is not 'clear and obvious' if the legal issues are 'at least arguable.'" *United States v. Battle*, 272 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003) (quoting *American Home Assurance,* 763 F.2d at 1239); *see also Robbins v. Scana Energy Marketing, Inc.*, 2008 WL 7724172, *1 (N.D. Ga. Jul. 30, 2008) ("An error is clear only when the legal issues are inarguable.").  Defendants here offer no evidence to support their claim of clear error.

> **1.    There is Ample Evidence for the Court to Pierce the Corporate Veil of Energy Subsea, LLC.**

Defendants complain that the evidence was insufficient to support the Court's conclusion that "Ingvartsen disregarded the corporate form of Energy Subsea, rendering it a mere instrumentality of himself."  (Doc. 82 at 12).  Defendants suggest this is so because "[the Court

acknowledged that Energy Subsea, LLC is a legitimate corporation" and "Plaintiff entered documents into evidence that supported Energy Subsea being a legitimate corporation." (*Id.*). The Court disagrees.

As noted in the Order, banking records introduced at trial demonstrate no appreciable difference between Ingvartsen and Energy Subsea. (*See* Doc 82 at 12). The Energy Subsea account was opened on the day Grupo made its initial payment of $450,000. After the account was opened, virtually all funds coming into the Energy Subsea account came from Grupo or Ingvartsen. Money consistently transferred back and forth between Energy Subsea and Ingvartsen. Ingvartsen took money from Energy Subsea when he needed it and transferred money to it when he had it available. Ingvartsen spent the money received from Grupo on things wholly unrelated to the contract with Grupo. When the relationship ended, all of Grupo's money had been spent, yet Energy Subsea had not performed the work. The facts and the law overwhelmingly support the piercing of the corporate veil and there is no evidence of manifest error.

## 2.    The Damages Awarded by the Court do not Shock its Judicial Conscience.

Defendants contend the damages awarded by the Court are excessive, not supported by the facts at trial and violate Alabama law. As an initial matter, Grupo's breach of contract claim is for breach of a maritime contract and thus subject to federal maritime common law rather than Alabama law. Setting that issue aside, the Court's Order awards damages to Grupo on the basis of both its breach of contract and fraud claims. This is important because the award reflects damages specifically to each claim. For instance, on its breach of contract claim, Grupo was awarded the money it paid to Defendants as well as the "cover damages" it incurred when

Defendants' total failure to perform caused Grupo to hire Bordelon Marine to perform the contract at a premium price. The Court also found in favor of Grupo on its fraud claim. Damages awarded on the fraud claim included compensatory damages in the amount Grupo paid Defendants in excess of the contract amount as well as punitive damages and attorney fees. Defendants have not demonstrated any manifest error or newly discovered evidence and as such, a new trial is not warranted.

### 3.    The Trial was Conducted Fairly.

The final ground asserted by Defendants for a new trial concerns the manner in which this Court conducted the trial. On the morning of trial Defendants' counsel advised the Court that he had been in close proximity to a person who exhibited signs of Covid-19 infection. The Court discussed this exposure, the age of this case, the fact that three witnesses had traveled to Mobile from Venezuela to testify and the availability of courtroom technology. The Court determined that the bench trial of this case could proceed with Defense counsel participating remotely from his office. The courtroom is equipped with video conferencing capability and all exhibits had previously been shared electronically. The Court instructed security personnel to permit Mr. Ingvartsen to bring a cell phone and computer into the courtroom and agreed to permit defense counsel to speak via phone with Mr. Ingvartsen at any time he or counsel felt it was necessary. When this process was proposed by the Court, Defense counsel had no objection. Defendants never asked for a continuance, suggested any alternative, or voiced any concern with the fairness of the case moving forward.

In support of their Motion for New trial, Defendants refer the Court to the case of *Santa Maria v. Metro-N. Commuter RR*, 81 F.3d 265, 273 (2d Cir. 1996). This Court's review of the *Santa*

*Maria* case reveals the trial court repeatedly demonstrated antipathy towards plaintiff's counsel, repeatedly chastising him in front of the jury during trial, finding him in contempt, and summarily removing counsel after four days of trial.  The court gave replacement counsel only two and a half days to prepare to complete the jury trial.  The Second Circuit ultimately found "the trial judge's attitude, his treatment of [counsel], and the abrupt change of counsel midway through trial sufficiently prejudiced the plaintiff so as to require a new trial."   *Santa Maria*, 81 F.3d at 266–67.

Unlike the egregious manner in which plaintiff's counsel was treated by the court in *Santa Maria*, Defendants' counsel was treated fairly, professionally and with the utmost respect in this case.  Defendants have failed to articulate in meaningful detail any prejudice caused by the manner of trial.  Defendants' counsel was not deprived of the opportunity to effectively represent his clients.  Counsel never objected to participation by video, nor did he advise the court of any difficulties that were being encountered by virtue of such participation.  The Court tried throughout the trial to ensure Defense counsel was able to see and hear everything and even specifically called counsel's attention to his failure to move his exhibits into evidence, thus avoiding later confusion.  Since early 2020, this Court has endeavored to work through difficulties posed by the Covid pandemic by making use of video technology.  There is nothing unusual about the trial of this matter and there is certainly no basis for a new trial.

**B.    Motion to Alter or Amend a Judgment.**

Defendants alternatively request this Court alter or amend its judgment "to prevent a clear error or manifest injustice."  (Doc. 90 at 5).  Although Defendants do not specifically invoke Rule 59 (e), that rule states: "[a] motion to alter or amend a judgment must be filed no later than

28 days after the entry of the judgment." Fed.R.Civ.P. 59(e). Courts have recognized three grounds that justify altering or amending a judgment: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 686 (M.D. Fla. 1996); *see also Summit Medical Center of Alabama, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003) ("A motion to reconsider" is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." (footnote added)); *cf. United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir.) ("The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." (internal quotation marks and citation omitted)), *cert. denied sub nom. Gray v. United States*, 558 U.S. 930, 130 S.Ct. 347, 175 L.Ed.2d 229 (2009). The Supreme Court has made clear that a Rule 59(e) motion "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5, 128 S.Ct. 2605, 2617 n.5, 171 L.Ed.2d 570 (2008), quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed. 1995); *see also Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) ("A motion for reconsideration cannot be used 'to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" (citation omitted)); *Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000) (finding that a motion to alter or amend a judgment is not "a vehicle to relitigate old matters or present the case under a new legal theory ... [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." (internal quotation marks

and citation omitted)), *cert. denied*, 532 U.S. 926, 121 S.Ct. 1369, 149 L.Ed.2d 297 (2001); *Gipson v. Mattox*, 511 F.Supp.2d 1182, 1185 (S.D. Ala. 2007) ("Nor may a party properly utilize a motion to reconsider as a vehicle for rehashing arguments considered and rejected in the underlying order."); *Wendy's Int'l*, 169 F.R.D. at 686 ("[A motion to alter or amend judgment] is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision."). Moreover, "it is well-settled that 'motions for reconsideration are disfavored' and that relief under Rule 59(e) is an extraordinary remedy to be employed sparingly." *Krstic v. Princess Cruise Lines, Ltd. (Corp)*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010).  Indeed, because a motion to reconsider is not an appeal, "'it is an improper use of the motion to reconsider to ask the Court to rethink what the Court ... already thought through—rightly or wrongly.'"  *Krstic,* 706 F. Supp. 2d at 1282 (citation omitted); *cf. Deerskin Trading Post, Inc. v. United Parcel Serv. of America, Inc.*, 972 F. Supp. 665, 674 (N.D. Ga. 1997) ("'[A] motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court "could have done it better" the first time.'" (citation omitted)).

In support of its motion to alter or amend the judgment Defendants offer essentially the same arguments they rely on for requesting a new trial.  The Court finds that none of the arguments advanced by Defendants identifies a "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Wendy's* , 169 F.R.D. at 686.  The arguments made by Defendants in support of their motion to alter, amend or vacate are also substantially the same as those made during the trial.  The Court has already considered the facts and issues presented.  To the extent Defendants put forth new legal arguments and theories concerning the sufficiency of the evidence, damages determined

by the Court, or the fairness of the trial, these could and should have been raised before final judgment was issued.   The issue of timeliness notwithstanding, the Court finds none of Defendants' arguments sufficiently compelling to reconsider its judgment.

   For the reasons stated above, Defendants have neither identified nor articulated grounds meriting reconsideration in this case.

   **DONE and ORDERED** this 24th day of January, 2022.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE
